UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DESIREE SMITH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-01281-SEB-DKL |
| ) | Case No. 1:07-cr-158-SEB-KPF-1 |
| UNITED STATES OF AMERICA. ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Desiree Smith ("Smith") for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons explained below, this is an appropriate case for such a disposition.

Desiree Smith is confined at the Federal Prison Camp in Alderson, West Virginia, serving the executed portion of a sentence imposed by this Court in case number 1:07-cr-158-SEB-KPF. The sentence was imposed following her guilty plea and conviction on Counts I and II of the Information. The Amended Judgment was entered on February 22, 2008.

Smith now seeks relief pursuant to 28 U.S.C. ' 2255 based on her contention that the recent decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013), makes her plea and sentence unconstitutional. In *Alleyne,* which *overruled Harris v. United States,* 536 U.S. 545 (2002), the

Supreme Court found that the Sixth Amendment rights recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), also apply to facts triggering a mandatory minimum sentence. Specifically, *Alleyne* holds that a jury must decide whether a defendant's conduct met the requirements for a mandatory minimum sentence; a judge cannot make this decision unless the defendant waives his entitlement to a jury. A jury also is unnecessary if the defendant admits facts that require a minimum sentence. *Simpson v. United States,* -- F.3d --, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013) (discussing *Alleyne* in context of habeas proceedings). This case law avails Smith nothing, however, because the Seventh Circuit has already determined that *Alleyne* does not apply retroactively to cases on collateral review. *See id.*

For this reason, Smith's ' 2255 motion shows on its face that she is not entitled to the relief she seeks. This action shall be summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.* Judgment consistent with this Entry shall now issue.

## II.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings,* and 28 U.S.C. §2253(c), the court finds that Smith has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 08/22/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DESIREE SMITH
08738028
ALDERSON - FPC
ALDERSON FEDERAL PRISON CAMP
Inmate Mail/Parcels
GLEN RAY RD. BOX A
ALDERSON, WV 24910